**COMMUNITY ACCOUNTANTS,**
**Petitioner,**

v.

**COMMONWEALTH of Pennsylvania,**
**Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 6, 1995.

Decided March 2, 1995.

Richard G. Placey, for petitioner.

Kevin A. Moury, Deputy Atty. Gen., for respondent.

Before COLINS, President Judge, and PELLEGRINI, J., LORD, Senior Judge.

COLINS, President Judge.

Community Accountants (CA) petitions for review of the March 27, 1992 order of the Board of Finance and Revenue, which affirmed the Department of Revenue's denial of CA's application for sales tax exempt status under Section 204(10) of the Tax Reform Code of 1971 (Code)[1].

The facts of the case, as stipulated by the parties, are as follows. CA is a Pennsylvania not-for-profit corporation; it is registered as a charitable organization with the Common-

wealth, Department of State, and recognized by the Internal Revenue Service as a tax-exempt[2] nonprofit corporation. CA's charitable purpose is to provide free accounting and financial management services to small nonprofit organizations, sole proprietors, and small businesses that are not able to pay for such services. Applicants meeting CA's income/profit requirements pay a small application or registration fee to receive direct accounting services from an unpaid volunteer accounting professional or to attend a financial management seminar. CA receives funding through fees and donations from organizations such as United Way and the Pew Charitable Trusts.

CA applied to the Department of Revenue (Revenue) for exemption from the Commonwealth's sales and use tax under the Code's exclusion for the sale of services by charitable organizations.[3] The exemption was denied. Revenue's Board of Appeals and the Board of Finance and Revenue affirmed, both concluding that CA is not entitled to the exemption because CA is not a purely public charity as defined by the Pennsylvania Supreme Court in *Hospital Utilization Project v. Commonwealth*, 507 Pa. 1, 487 A.2d 1306 (1985).

■ When reviewing an order of the Board of Finance and Revenue, this Court functions essentially as a trial court and is entitled to the broadest scope of review. *Norris v. Commonwealth*, 155 Pa.Commonwealth Ct. 423, 625 A.2d 179 (1993). The stipulation of facts is binding and conclusive. *Beasley Industries, Inc. v. Commonwealth*, 116 Pa.Commonwealth Ct. 505, 542 A.2d 210 (1988). The single issue before us is whether CA is a purely public charity for the purpose of qualifying for the sales tax exemption.

■ The Supreme Court's opinion in *Hospital Utilization Project* controls our analy-

---

1. Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. § 7204(10).

2. Internal Revenue Code, 26 U.S.C. § 501(c)(3).

3. Section 204 provides, in pertinent part:
   The tax imposed by section 202 [sales and use] shall not be imposed upon

   . . . .
   (10) The sale at retail to or use by (i) any charitable organization, . . . of tangible personal property or services. . . .
   72 P.S. § 7204(10).

sis.[4] In that case the Supreme Court concluded that "under Section 204(10), the legislature is constitutionally limited to exempt [from taxation] only those charitable organizations which are institutions of 'purely public charity,' and we cannot constitutionally interpret that statutory language to exempt an organization which is not a 'pure' public charity." *Hospital Utilization Project*, 507 Pa. at 12, 487 A.2d at 1312 (1985). According to that case, a purely public charity must possess all of the following characteristics:

(a) Advances a charitable purpose;

(b) Donates or renders gratuitously a substantial portion of its services;

(c) Benefits a substantial and indefinite class of persons who are legitimate subjects of charity;

(d) Relieves the government of some of its burden; and

(e) Operates entirely free from private profit motive.

*Id.* at 22, 487 A.2d at 1317.

CA advances a charitable purpose in the sense that it qualifies both as a Pennsylvania not-for-profit corporation and for federal 501(c)(3) tax-exempt status. CA renders gratuitously a substantial portion of its services, notwithstanding the fact that it charges nominal application and registration fees. CA's fees are insignificant in comparison to the valuable, professional accounting services and financial management training provided. CA clearly operates free from private profit motive. Unfortunately, under Pennsylvania law, these laudable contributions to the public interest are not enough to secure exemption from the Commonwealth's sales and use tax.

The Pennsylvania Supreme Court defined "charitable purpose" in *Hill School Tax Exemption Case*, 370 Pa. 21, 87 A.2d 259 (1952):

The word 'charitable', in a legal sense, includes every gift for a general public use, to be applied, consistent with existing laws, for the benefit of an indefinite number of persons, and designed to benefit them from an educational, religious, moral, physical or social standpoint. In its broadest meaning it is understood 'to refer to something done or given for the benefit of our fellows or the public....'

*Id.* at 25, 87 A.2d at 262 (quoting *Taylor v. Hoag*, 273 Pa. 194, 196, 116 A. 826 (1922)).

■ In light of that more stringent standard, we must conclude that CA is not a purely public charity. CA directs its services at a large, but definite, class of beneficiaries—only small businesses, sole proprietors, and small nonprofit organizations with limited profits and resources, as opposed to the general public—and accounting services cannot be classified as educational, religious, moral, physical, or social. Furthermore, CA's services do not relieve the government of a burden; if CA were to cease to exist, the government would not have to step in and take its place. Despite its valuable contributions to the community, the present state of the law does not entitle CA to the preferential tax-exempt status it seeks.

### ORDER

AND NOW, this 2nd day of March, 1995, judgment in the above-captioned matter is entered in favor of the Commonwealth. Judgment becomes final unless exceptions are filed within thirty (30) days of the entry of this order pursuant to Pa.R.A.P. 1571(i).

---

**4.** The cases are factually similar. Like CA, the Hospital Utilization Project (HUP), a provider of statistical analysis services to hospitals, applied for the sales tax exemption under the exclusion for charitable organizations. In both cases Revenue denied the exemption because it concluded that the applicant was not a charitable organization. *Hospital Utilization Project.*